UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HANGLEY ARONCHICK**<br>**SEGAL PUDLIN & SCHILLER**<br>By: Ronald P. Schiller<br>    Bonnie M. Hoffman<br>    *(application for admission pro hac vice forthcoming)*<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103-6933<br>Telephone: (215) 568-6200<br>Facsimile: (215) 568-0300<br>rschiller@hangley.com<br>bhoffman@hangley.com | *Attorneys for Plaintiff Illinois Union Insurance Company and ACE Property and Casualty Insurance Company* |

|   |   |   |
|---|---|---|
| **ILLINOIS UNION INSURANCE COMPANY and ACE PROPERTY AND CASUALTY INSURANCE COMPANY,** | : : : : : : | |
| Plaintiffs, | : : | Civil Action No. |
| v. | : : | |
| **ACER RESTORATIONS LLC,** | : : : | |
| Defendant. | : : : | |

## COMPLAINT

Illinois Union Insurance Company and ACE Property and Casualty Insurance Company, by and through their counsel, hereby bring this Complaint against Defendant Acer Restorations LLC and allege as follows:

### NATURE OF THE CASE

1. Illinois Union Insurance Company ("Illinois Union") and ACE Property and Casualty Insurance Company ("ACE") bring this insurance action to rescind insurance policies that they issued to defendant Acer Restorations LLC ("Acer") because Acer, through its broker

- 1 -

and agent Simon Agency NY, Inc. ("Simon"), made false statements in the application process – statements on which Illinois Union and ACE relied in issuing the insurance policies to Acer. In the alternative, Illinois Union and ACE seek a declaratory judgment that there is no coverage under the policies because Acer, through its broker and agent Simon, made fraudulent statements in connection with loss or damage for which coverage is sought under the policies.

## THE PARTIES

2.   Plaintiff Illinois Union is an Illinois corporation with its principal place of business in Pennsylvania.

3.   Plaintiff ACE is a Pennsylvania corporation with its principal place of business in Pennsylvania.

4.   Defendant Acer is a contractor that provides construction and renovation services to owners of residential properties in New York City. Acer is a New York domestic limited liability company with its principal place of business at 2576 Broadway #317, New York, New York. On information and belief, Acer is owned by Hubert Kynz, a citizen of New Jersey.

## JURISDICTION AND VENUE

5.   Illinois Union and ACE seek rescission of two insurance policies: one, issued by Illinois Union, with a $1 million per occurrence limit and $2 million general aggregate limit of liability, and another, issued by ACE, with a $5 million per occurrence and general aggregate limit of liability.

6.   This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue in this district is appropriate under 28 U.S.C. § 1391(b) because Defendant Acer resides in this district and a substantial part of the events giving rise to this action occurred here.

**FACTS**

**A.     The Policies.**

8. Illinois Union and ACE each issued insurance policies (the "Policies") to Acer for two consecutive policy periods: February 13, 2016 to February 13, 2017 (the "16-17 Policy Period"), and February 14, 2017 to February 14, 2018 (the "17-18 Policy Period").

9. Illinois Union and ACE issue policies to contractors engaged in certain lines of business, to provide coverage (subject to those policies' terms and conditions) for certain sums the contractor becomes legally obligated to pay for bodily injury and property damage caused by their work.

10. Illinois Union issued Businessowners Policy Number CONNYG280778774 to Acer for the 16-17 Policy Period (the "16-17 Illinois Union Policy"). The 16-17 Illinois Union Policy has a $1 million per occurrence limit and $2 million general aggregate limit.

11. Subsequently, Illinois Union issued Businessowners Policy Number CONNYG280778774-002 to Acer for the 17-18 Policy Period (the "17-18 Illinois Union Policy"). The 17-18 Illinois Union Policy has the same limits as the 16-17 Illinois Union Policy. The 17-18 Illinois Union Policy is attached hereto as Exhibit A.

12. The 17-18 Illinois Union Policy includes a condition that it does "not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss or damage for which coverage is sought under this policy." Ex. A, New York Changes Endorsement, § C.9.

13. ACE issued Commercial Umbrella Liability Policy Number UMBNYG280796791 to Acer for the 16-17 Policy Period (the "16-17 ACE Policy"). The 16-17 ACE Policy has a $5 million per occurrence limit and a $5 million general aggregate limit.

14. Subsequently, ACE issued Commercial Umbrella Liability Policy Number UMBNYG280796791-002 to Acer for the 17-18 Policy Period (the "17-18 ACE Policy"). The 17-18 ACE Policy has the same limits as the 16-17 ACE Policy. The 17-18 ACE Policy is attached hereto as Exhibit B.

15. The 17-18 ACE Policy includes the same condition as the 17-18 Illinois Union Policy – that it does "not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss or damage for which coverage is sought under this policy," with an exception regarding "covered autos" that does not apply here. Ex. B, New York Changes Endorsement, § I.3.

**B.      Acer Represents That It Does Not Have Any Operations Involving Wood Floor, Sanding or Stripping.**

16. Acer applied for the Policies through its broker and agent Simon.

17. Specifically, on January 12, 2016, Acer (through Simon) submitted an application for the 16-17 Policies. That application included the question "Does the applicant have any operations involving wood floor sanding, stripping or refinishing?" Acer (through Simon) answered the question "No."

18. On February 14, 2017, Acer (through Simon) submitted an application for the 17-18 Policies. That application included the same question, and Acer (through Simon) similarly answered the question "No."

19. Illinois Union and ACE reasonably relied on these statements in issuing the Policies.

### C. After the Policies Are Issued, the Insurers Become Aware That Acer Misrepresented Its Operations in Its Applications.

20. Ivan Ortiz is the owner of Apartment 47D in One Central Park West, New York, New York 10023 ("Trump Tower").

21. Acer was hired to perform renovations, including wood floor finishing, in Apartment 47D.

22. Acer began performing that work in October 2016.

23. In February-March 2017, Acer sanded wood floors and installed wood flooring in Apartment 47D.

24. Neither Illinois Union nor ACE knew about Acer's wood flooring work in Apartment 47D at the time.

25. On March 3, 2017, a fire broke out in Apartment 47D.

### D. The Insurers Send a Notice of Rescission to Acer.

26. Following the fire, Illinois Union and ACE became aware that the fire occurred and of claims for damage to other properties as a result of the fire (and, in turn, Acer's flooring work).

27. Thereafter, Illinois Union and ACE conducted an investigation and confirmed that the statements regarding Acer's operations in the applications for the Policies were false.

28. On June 14, 2017, a representative of Illinois Union and ACE sent an e-mail to Simon, noting that the application for the 17-18 Policies asked whether Acer had any operations including wood floor sanding, stripping, or refinishing, and that Simon (for Acer) had responded "no."

29. The representative further indicated that had Illinois Union and ACE been apprised of the fact that Acer's operations included wood floor refinishing, Illinois Union and ACE would have declined to offer a newline or renewal quote for Acer.

30. Subsequently, counsel for Illinois Union and ACE informed Simon that they would be sending a Notice of Rescission (the "Notice") to Acer based upon the material misrepresentation in the applications for the Policies.

31. On November 29, 2018, counsel sent the Notice to Acer, enclosing a check representing the return of the policy premium paid by Acer, plus New York State statutory interest of 9% per annum, for the Policies. The Notice is attached hereto as Exhibit C.

32. The Notice stated that Illinois Union and ACE "[are] rescinding the Policies…based upon material misrepresentations in the initial application for insurance and the renewal." Ex. C at 1.

33. The Notice further stated that had Illinois Union and ACE known that Acer's operations involved wood floor sanding, stripping, or refinishing at the time of Acer's application for the Policies, Illinois Union and ACE would have declined to offer the Policies to Acer, but that "[i]nstead, [Illinois Union and ACE] issued the Policies in reliance on the erroneous information supplied." *Id.* at 2.

**E.     The Insurers Would Not Have Issued the Policies Had Acer Accurately Represented its Operations.**

34. Illinois Union's underwriting guidelines provide that Illinois Union will decline to write a Businessowners Policy if the applicant for that policy is involved in wood floor sanding, stripping or refinishing.

35. ACE's underwriting guidelines provide that ACE will decline to write a Commercial Umbrella Liability Policy if the applicant for that policy is involved in wood floor sanding, stripping or refinishing.

36. Illinois Union's and ACE's records show that they decline to write policies for entities that answer "yes" when asked if they have any operations including wood floor sanding, stripping or refinishing.

### F. The Subrogee of a Neighboring Apartment's Owner Sues Acer.

37. Following the 2017 fire, other apartment owners in Trump Tower began making claims for damage that they contended was caused by the fire.

38. Julie Yang owns Apartment 48C in Trump Tower.

39. On information and belief, Ms. Yang is insured by State Farm Fire & Casualty Company ("State Farm").

40. On or about May 13, 2019, State Farm, as subrogee of Ms. Yang, filed a complaint against Acer and Mr. Ortiz in the Civil Court of the City of New York for the County of Queens (the "Yang Complaint"). The Yang Complaint is attached hereto as Exhibit D.

41. The Yang Complaint alleges that "ACER RESTORATION[S] LLC, its agent(s), servant(s), contractor(s), and/or employee(s)" failed "to properly dispose of rags containing floor stain, polyurethane, and sawdust, by leaving them in bag(s) which ultimately caught fire and caused fire, smoke and water related damages" to Apartment 48C, and seeks damages from Acer.[1]

---

[1] No claims have been made under the 16-17 Policies. Accordingly, the Notice amounted to a rescission by notice of the 16-17 Policies.

## COUNT I
## RESCISSION
## (By Illinois Union)

42. All other paragraphs of this complaint are incorporated by reference.

43. The application for the 17-18 Illinois Union Policy contained a false statement as to past or present fact, made to Illinois Union by Acer (through its agent Simon), as an inducement to Illinois Union to provide Acer with insurance. Specifically, Acer (through its agent Simon) stated that it had no operations involving wood floor sanding, stripping, or refinishing, when in fact it did have those operations.

44. This false statement was material.

45. By reason of the false statement of Acer (through its agent Simon), Illinois Union was induced to accept an application that it would otherwise have refused.

46. Illinois Union would not have issued the 17-18 Illinois Union Policy, or would have issued it on different terms, had it known of the facts misrepresented.

47. Illinois Union returned the policy premium paid by Acer for the 17-18 Illinois Union Policy, plus New York State statutory interest of 9% per annum.

**WHEREFORE**, Illinois Union requests that judgment be entered in its favor and against Acer and asks this Court to:

    **A.** Determine, decide and adjudicate that the 17-18 Illinois Union Policy is void *ab initio* and without legal force or effect, and that Illinois Union has no obligation or duty to provide coverage for any claims that are or may be asserted under the Policy, including but not limited to the Yang Complaint;

    **B.** Determine, decide and adjudicate that Illinois Union may immediately withdraw from the defense of Acer against the Yang Complaint and recoup any defense and indemnity expenses incurred to date; and

    **C.** Grant to Illinois Union any such other and further relief that this Court deems just and proper.

## COUNT II
## RESCISSION
### (By ACE)

48. All other paragraphs of this complaint are incorporated by reference.

49. The application for the 17-18 ACE Policy contained a false statement as to past or present fact, made to ACE by Acer (through its agent Simon), as an inducement to ACE to provide Acer with insurance. Specifically, Acer (through its agent Simon) stated that it had no operations involving wood floor sanding, stripping, or refinishing, when in fact it did have those operations..

50. This false statement was material.

51. By reason of the false statement of Acer (through its agent Simon), ACE was induced to accept an application that it would otherwise have refused.

52. ACE would not have issued the 17-18 ACE Policy, or would have issued it on different terms, had it known of the facts misrepresented.

53. ACE returned the policy premium paid by Acer for the 17-18 ACE Policy, plus New York State statutory interest of 9% per annum.

**WHEREFORE**, ACE requests that judgment be entered in its favor and against Acer and asks this Court to:

    **A.**    Determine, decide and adjudicate that the 17-18 ACE Policy is void *ab initio* and without legal force or effect, and that ACE has no obligation or duty to provide coverage for any claims that are or may be asserted under the Policy, including but not limited to the Yang Complaint;

    **B.**    Determine, decide and adjudicate that does not have any obligations to Acer with respect to the Yang Complaint and may recoup any defense and indemnity expenses incurred to date; and

    **C.**    Grant to ACE any such other and further relief that this Court deems just and proper.

# COUNT III
## DECLARATORY JUDGMENT
### (By Illinois Union)

54. All other paragraphs of this complaint are incorporated by reference.

55. Under N.Y. C.P.L.R. § 3001, this court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of Illinois Union and Acer because a justiciable controversy exists between them.

56. Similarly, under 28 U.S.C. § 2201, this court has the power to declare the rights and obligations of Illinois Union and Acer because an actual controversy exists between Illinois Union and Acer.

57. The 17-18 Illinois Union Policy does "not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss or damage for which coverage is sought under this policy." Ex. A, New York Changes Endorsement, § C.9.

58. Acer (through its agent Simon) made a fraudulent statement by representing to Illinois Union that its operations did not involve wood floor sanding, stripping, or refinishing.

59. That representation was both material and false.

60. By making that false representation, Acer (through its agent Simon) intended to deceive Illinois Union.

61. Illinois Union reasonably relied on that false representation in issuing the 17-18 Illinois Union Policy to Acer.

62. That reliance caused damage to Illinois Union. Illinois Union issued a policy it would not have otherwise issued and had to incur expenses as a result.

**WHEREFORE**, Illinois Union requests that judgment be entered in its favor and against Acer and asks this Court to:

    **A.**    Declare the rights and liabilities of Illinois Union and Acer with respect to the 17-18 Illinois Union Policy;

    **B.**    Declare that Illinois Union has no duty to defend or indemnity Acer in connection with any claims that are or may be asserted under the 17-18 Illinois Union Policy, including but not limited to the Yang Complaint, because the 17-18 Illinois Union Policy does not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss or damage for which coverage is sought under it, and Acer has done so;

    **C.**    Declare that Illinois Union may immediately withdraw from the defense of Acer against the Yang Complaint and recoup any defense and indemnity expenses incurred to date; and

    **D.**    Grant to Illinois Union any such other and further relief that this Court deems just and proper.

## COUNT IV
## DECLARATORY JUDGMENT
### (By ACE)

63. All other paragraphs of this complaint are incorporated by reference.

64. Under N.Y. C.P.L.R. § 3001, this court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of ACE and Acer because a justiciable controversy exists between them.

65. Similarly, under 28 U.S.C. § 2201, this court has the power to declare the rights and obligations of ACE and Acer because an actual controversy exists between ACE and Acer.

66. The 17-18 ACE Policy does "not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss or damage for which coverage is sought under this policy." Ex. B, New York Changes Endorsement, § I.3.

67. Acer (through its agent Simon) made a fraudulent statement and engaged in fraudulent conduct by representing to ACE that its operations did not involve wood floor sanding, stripping, or refinishing.

68. That representation was both material and false.

69. By making that false representation, Acer (through its agent Simon) intended to deceive ACE.

70. ACE reasonably relied on that false representation in issuing the 17-18 ACE Policy to Acer.

71. That reliance caused damage to ACE. ACE issued a policy it would not have otherwise issued and had to incur expenses as a result.

**WHEREFORE**, ACE requests that judgment be entered in its favor and against Acer and asks this Court to:

    **A.**    Declare the rights and liabilities of ACE and Acer with respect to the 17-18 ACE Policy;

    **B.**    Declare that ACE has no duty to defend or indemnity Acer in connection with any claims that are or may be asserted under the 17-18 ACE Policy, including but not limited to the Yang Complaint, because the 17-18 ACE Policy does not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss or damage for which coverage is sought under it, and Acer has done so; and

    **C.**    Grant to ACE any such other and further relief that this Court deems just and proper.

- 13 -

Dated: February 7, 2020

*/s/ Ronald P. Schiller*
Ronald P. Schiller
Bonnie M. Hoffman *(application for admission pro hac vice forthcoming)*
**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Telephone: (215) 568-6200
Facsimile: (215) 568-0300
rschiller@hangley.com
bhoffman@hangley.com

*Attorneys for Plaintiffs Illinois Union Insurance Company and ACE Property and Casualty Insurance Company*