```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ILLINOIS UNION INSURANCE                                    :
COMPANY et al.,                                             :
                                                            :    20 Civ. 1086 (LGS)
                                          Plaintiffs,       :
                                                            :    OPINION AND ORDER
                      -against-                             :
                                                            :
ACER RESTORATION LLC,                                       :
                                                            :
                                          Defendant.        :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

On June 8, 2020, Ivan Ortiz and Maria Solange De La Rocha Alam ("Movants") filed a motion pursuant to Federal Rules of Civil Procedure ("FRCP") 19 and 24 to intervene or join in this action as necessary interested parties. Because Movants have failed to show (1) an interest in the action and (2) that any interest they may have would be impaired by the disposition of the action, their motion is denied.

## I. BACKGROUND

### A. Subject Matter of The Present Action

This action concerns Illinois Union Insurance Company's and Ace Property Insurance Company's ("Plaintiffs") obligations to provide insurance coverage to contractor Acer Restoration LLC ("Defendant"), for damages claims stemming from a fire that occurred on March 3, 2017 (the "Fire"), during Defendant's renovation of Movants' apartment in Trump Tower (the "Apartment"). There are four insurance policies at issue -- Illinois Union Insurance Company policy numbers CONNYG280778774 and CONNYG280778774-002 and Ace Property Insurance Company policy numbers UMBNYG28079671 and UMBNYG28079671-

002 (collectively, the "Policies"). The Policies "do not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss or damage for which coverage is sought."

Plaintiffs allege that Defendant made false representations regarding whether its operations involved wood floor finishing. Plaintiffs claim that in applying for the Policies through its broker and agent Simon Agency NY, Inc., Defendant indicated that it did not have "any operations involving wood floor sanding, stripping or refinishing[.]" Following the Fire, Plaintiffs discovered that this statement was false, sent Defendant a check representing the return of the policy premiums Defendant had paid plus New York State statutory interest and sent Defendant a Notice of Rescission of the Policies. Accordingly, Plaintiffs seek rescission of the Policies and declaratory judgment that the Policies provide no coverage.

Defendant has not appeared in this action. On May 8, 2020, the Court issued an Order to Show Cause for Default Judgment. On May 18, 2020, the Court stayed the Order to Show Cause for Default Judgment, pending resolution of Movants' motion to intervene.

### B. Movants' Interests in the Present Action

On June 8, 2020, Movants filed a motion to intervene on the ground that they would be severely prejudiced if not permitted to challenge the rescission of the Policies.

Mr. Ortiz, as a defendant in two New York State Court cases, and Ms. De La Rocha Alam, as a defendant in one New York State Court case, contend that if Defendant is not insured, they could face liability for damages to other apartments in Trump Tower, resulting from the Fire. The two cases in which Movants are named as defendants are (1) *AIG Property Casualty Co. a/s/o Jane Beasley, et al. v. Acer Restorations LLC, Ivan Ortiz and Maria Solange De La Rocha Alam*, Case No. 161068/2019 (filed May 13, 2019, Supreme Court of State of New York),

and (2) *State Farm Fire & Cas. Co. a/s/o Julie Yang v. Acer Restorations LLC and Ivan Ortiz*, Case No. 018318-19/QU (filed May 16, 2019, Civil Court of the City of New York, County of Queens) (collectively, the "State Court Actions"). In both cases, Movants have cross-claimed against Defendant for contribution, indemnification and breach of contract for failure to procure insurance. Plaintiffs have directed counsel to appear on behalf of Defendant in the State Court Actions because (according to Plaintiffs), under New York law, an insurer's duty to defend as to any claims already existing at the time of rescission may continue pending a judicial determination with respect to rescission.

Movants also contend that they have an interest in this action because they may be additional insureds under the Policies. Movants have produced a Certificate of Liability Insurance from Acer Restorations LLC, issued by R&L Herman Inc., listing two of the Policies (CONNYG280778774 and UMBNYG28079671), and indicating that "Maria De La Rocha & Ivan Ortiz are added as additional insured for general liability when required by written contract or agreement. Subject to policy terms and conditions." The Certificate of Liability Insurance also includes the following statement:

> "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT . . . IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed . . . A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s) . . . . THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES."

The Policies themselves provide that "[a]ny person(s) or organization(s) for whom you are performing operations is also an additional insured, if you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be included as an additional insured on your policy."

Movants have not produced a contract or agreement showing that they are additional insureds under the Policies.  As owners of the Apartment, Movants entered into an Alteration Agreement with the Board of Managers for the Trump International Hotel and Tower Condominium (the "Board").  The Alteration Agreement required that "[p]rior to commencing Unit Owner's Work, Unit Owner shall . . . . provide the Board with a conformed copy of every agreement made with such contractors or subcontractors," and further, that the "Unit Owner shall deliver to the Board certificates of insurance from all contractors and subcontractors involved in the performance of Unit Owner's Work evidencing that such contractors and subcontractors maintain the following insurance with insurers reasonably satisfactory to the Board:  (a) comprehensive general liability (including broad form property damage) insurance on an occurrence basis for any occurrence in or about the Building in which the Insured Parties [defined as the Board and all Unit Owners] shall be named as additional insured parties . . ."  The Alteration Agreement also required that Movants deliver to the Board a form agreement executed by Defendant, agreeing to defend and indemnify the Board and all unit owners from claims of property damage.  Movants, however, have been unable to locate either a final conformed contract signed by Defendant or the required form agreement.

**II.     STANDARD**

FRCP 24 permits a party to intervene in ongoing litigation as of right or with permission of the court.  FRCP 24(a) governs intervention as of right, and in relevant part states:

> On a timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); *see also Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016), *vacated and remanded on other grounds*, 137 S. Ct. 1645.  To be entitled to intervention as of right "'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'"  *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quoting *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)).  A "'failure to satisfy *any one* of these four requirements is sufficient ground to deny the application.'"  *Floyd*, 770 F.3d at 1057 (quoting *R Best Produce*, 467 F.3d at 241).  An "interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule"; instead, an interest must be "direct, substantial, and legally protectable."  *Id*. at 1060.

A court may grant permissive intervention pursuant to FRCP 24(b), "upon timely application," and "when an applicant's claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b).  Courts "consider substantially the same factors" for permissive intervention under FRCP 24(b) as they do for intervention of right under FRCP 24(a).  *R Best Produce*, 467 F.3d at 240 (internal citation omitted); *accord Harris-Clemons v. Charly Trademarks Ltd.*, 751 Fed. App'x 83, 85 (2d Cir. 2018).  In addition, it is necessary for a party to join pursuant to FRCP 19 if:

> in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject

>      of the action and is so situated that the disposition of the action in the
>      person's absence may (i) as a practical matter impair or impede the
>      person's ability to protect that interest or (ii) leave any of the persons
>      already parties subject to a substantial risk of incurring double, multiple,
>      or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19.

### III.   DISCUSSION

#### A.   Intervention

The motion for intervention pursuant to FRCP 24 is denied because Movants have failed to satisfy two of the four requirements for intervention -- (1) an interest in the action and (2) that any interest they may have would be impaired by the disposition of the action.

Movants have not established a direct interest in this action. They have not produced any agreement that shows that they were additional insureds under the Policies and, as a result, have a direct interest in this action seeking rescission of the Policies. Movants instead rely on a Certificate of Insurance as proof that they are additional insureds. This on its own is insufficient. *See Sevenson Envtl. Servs., Inc. v. Sirius Am. Ins. Co.*, 902 N.Y.S.2d 279, 280 (4th Dep't 2010) ("It is well established that a certificate of insurance, by itself, does not confer insurance coverage, particularly [where] the certificate expressly provides that it 'is issued as a matter of information only and confers no rights upon the certificate holder [and] does not amend, extend or alter the coverage afforded by the policies'"); *Moleon v. Kriesler Borg Florman Gen. Constr. Co., Inc.*, 758 N.Y.S.2d 621, 623 (1st Dep't 2003) (finding that a certificate of insurance was "insufficient to establish that [an entity] is an additional insured"); *accord Aspen Specialty Ins. Co. v. 4 NYP Ventures LLC*, 162 F. Supp. 3d 337, 344 (S.D.N.Y. 2016) (applying New York law). Here, the Certificate of Insurance states that it is issued "as a matter of information only and confers no rights on the certificate holder." In addition, the Certificate of Insurance states that the insurance coverage of the Policies is subject to "the terms, exclusions and conditions of

such policies," which require a separate agreement or contract to establish additional insured status. *New York Marine & General Ins. Co. v. Tradeline*, 266 F.3d 112, 124 (2d Cir. 2000) (quoting *Taylor v. Kinsella*, 742 F.2d 709, 711 (2d Cir. 1984) for the proposition that "where a certificate states expressly that it is subject to the terms and conditions of the policy, the language of the policy controls").  As a result, Movants have failed to show they are additional insured with a direct interest in the rescission of the Policies.

Movants argue that they have an interest in this action because, by virtue of an Alteration Agreement, they may be held liable for the acts and omissions of Defendant and may face excessive judgments.  Disposing of this action without Movants' intervention, however, would not impair their interest in seeking redress through actions or claims against Defendant, such as the crossclaims Movants have filed in the State Court Actions.  *See In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 199 (2d Cir. 2000) (finding that "[b]ecause appellants remain free to file a separate action, they have not established that they will be prejudiced if their motion to intervene is denied"); *accord Mitchell v. Faulkner*, No. 7 Civ. 2318, 2009 WL 585882, at *5 (S.D.N.Y. Mar. 5, 2009).  The resolution of this action will not change the manner in which Movants are situated with respect to Defendant.  *Cf., Hartford Fire Ins. Co. v. Mitlof,* 193 F.R.D. 154, 156 (S.D.N.Y. 2000) (granting intervention where the resolution of an action regarding a primary insurance provider would change the way in which the secondary insurance provider was situated with respect to the insured).  Accordingly, Movants have failed to show that the potential liability they face is justification for intervention.

**B.      Joinder**

To the extent that they have moved for joinder,[1] Movants' motion fails. For the reasons stated above, Movants have not shown (1) an interest in the action and (2) that any interest they may have would be impaired by the disposition of the action. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (intervention and joinder "are intended to mirror each other") (internal citations and quotations omitted); *accord Morris & Judith Family Partnership, LLC v. Fidelity Brokerage Servs. LLC*, 329 F.R.D. 148, 150 (S.D.N.Y. 2019).

**IV.      CONCLUSION**

For the reasons stated above, Movants' motion to intervene pursuant to FRCP 19 and FRCP 24 is denied. The Clerk of Court is respectfully directed to close the motion at Docket No. 42.

Dated:  October 2, 2020
           New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[1] Movants filed a motion for intervention "pursuant to FRCP 19 and FRCP 24."

8