UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY and ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | Civil Action No. 1:20-CV-01086-LGS |
| Plaintiffs, | |
| v. | |
| ACER RESTORATIONS LLC, | |
| Defendant. | |

## DEFAULT JUDGMENT

This action having been commenced on February 7, 2020 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on the defendant, Acer Restorations LLC ("Acer"), on February 24, 2020, by service on Alfred Zoldak, who accepted service of process on behalf of the defendant at defendant's last known business address at 514 Lafayette Avenue, Wyckoff, NJ 07481, and a proof of service having been filed on March 9, 2020 and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is hereby

ORDERED, ADJUDGED, AND DECREED that judgment is entered for plaintiff Illinois Union Insurance Company ("Illinois Union") and against defendant Acer Restorations LLC on Count I of the Complaint, and that it is determined, decided, and adjudicated that policy no. G2807788774 issued by Illinois Union to Acer for the policy period of February 14, 2017 to February 14, 2018 ("Illinois Union Policy") is void *ab initio* and without legal force or effect, and that Illinois Union has no obligation or duty to provide coverage for any claims that are or may be asserted under the Illinois Union Policy, including but not limited to the Yang Complaint

(as defined in the Complaint); and that it is determined, decided, and adjudicated that Illinois Union may immediately withdraw from the defense of Acer against the Yang Complaint and may recoup any defense and indemnity expenses incurred to date; and it is further hereby

ORDERED, ADJUDGED, AND DECREED that judgment is entered for plaintiff ACE Casualty and Property Insurance Company ("ACE") and against defendant Acer Restorations LLC on Count II of the Complaint, and that it is determined, decided, and adjudicated that policy no. G280796791 issued by ACE to Acer for the policy period of February 14, 2017 to February 14, 2018 ("ACE Policy") is void *ab initio* and without legal force or effect, and that ACE has no obligation or duty to provide coverage for any claims that are or may be asserted under the ACE Policy, including but not limited to the Yang Complaint; and that it is determined, decided, and adjudicated that ACE does not have any obligations to Acer with respect to the Yang Complaint and may recoup any defense and indemnity expenses incurred to date; and it is further hereby

ORDERED, ADJUDGED, AND DECREED that because Counts III and IV of the Complaint seek relief in the alternative, and plaintiffs have obtained the relief sought in Counts I and II of the Complaint, Counts III and IV of the Complaint are hereby dismissed without prejudice.

Dated: May 18, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**